# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| Melvin Durant, ) | Civil Action No. 9:21-0240-RMG |
|        Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Nurse Phillies and Dr. Phillips, ) | |
|        Defendants. ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that remaining Defendant Dr. Phillips's motion for summary judgment be granted. For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Phillips's motion.

## I. Background

Plaintiff proceeds *pro se* and *in forma pauperis* In his amended complaint, Plaintiff alleges that Phillips is an employee of the South Carolina Department of Corrections ("SCDC") who violated his civil rights pursuant to 42 U.S.C. § 1983. He alleges that his Eighth Amendment right was violated when he requested, but did not receive, medical attention for an alleged brain bleed and stroke. Plaintiff seeks $250,000 in punitive damages, $250,000 for the violation of his rights, and $100,000 in compensatory damages. (Dkt. No. 12.) The claims against another defendant, Nurse Phillies, were previously dismissed pursuant to Rule 4. (Dkt. No. 42.)

## II.     Legal Standard

### A.     Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and therefore the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.     Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, the Court should grant summary judgment "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment bears the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in its pleadings. *See id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.     Discussion

Phillips has moved for summary judgment on all claims against him. The Magistrate Judge previously recommended that Plaintiff's claims against Phillips be dismissed under Rule 41[1] for Plaintiff's failure to prosecute, on the basis that Plaintiff did not respond in opposition to the dispositive motion despite receiving a *Roseboro* order. (Dkt. No. 39.) In his objection to that recommendation, Plaintiff requested a thirty-day extension to respond to the motion. (Dkt. No. 41.) The Court, therefore, declined to adopt the Magistrate Judge's recommendation and instead provided Plaintiff an opportunity to respond. (Dkt. No. 42.) Plaintiff has now filed a response. (Dkt. No. 47.)

In the instant R & R, the Magistrate Judge provides a detailed review of the record on summary judgment. Phillips—who is actually a nurse practitioner and not a doctor, as Plaintiff

---

[1] Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court has inherent power to *sua sponte* dismiss an action under Rule 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Dismissal under Rule 41 may be with prejudice where the plaintiff "is not blameless" and "there was a long history of delay." *Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978).

alleges—moves for summary judgment on the basis of Eleventh Amendment immunity, failure to demonstrate a § 1983 claim for deliberate indifference to a serious medical need under the Eighth Amendment, and qualified immunity. Regarding his first argument, the Magistrate Judge correctly found that Phillips is entitled to Eleventh Amendment immunity for the claims, which are against him in his official capacity. The record reflects that Phillips was employed by SCDC, a state agency during the relevant time period. In his amended complaint, Plaintiff neglected to check either "Individual capacity" or "Official capacity" in the form, but he did check "State or local officials (a § 1983) claim" and it is moreover clear from the allegations that Phillips is sued in his official capacity for conduct undertaken while acting as a health care provider for an inmate in SCDC. (Dkt. No. 12 at 3, 5.) Under the Eleventh Amendment, federal courts are prohibited from hearing claims against a state or its agents and employees unless the state consents to suit. *See, e.g.*, *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Simpson v. S.C.D.C.*, No. 2:19-cv-2245-RMG, 2020 WL 582321, at *2 n.1 (D.S.C. Feb. 6, 2020) (noting that SCDC employees are entitled to Eleventh Amendment immunity when sued in their official capacity). Phillips is, therefore, immune from Plaintiff's claims and, even if he were not, the Magistrate Judge correctly concluded that the record does not reflect Phillips's subjective deliberate indifference to a serious medical need, which is a "very high standard" that merely negligent conduct fails to satisfy. *Young v. City of Mount Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001). Plaintiff filed no objection to the R & R.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R. (Dkt. No. 48.) Defendant Phillips's motion for summary judgment (Dkt. No. 29) is granted. The Clerk is directed to close this action.

-5-

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 28, 2022
Charleston, South Carolina