IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Melvin Durant, | ) | Civil Action No. 9:21-0240-RMG |
|         Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Dr. Phillips, | ) | |
|         Defendant. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that remaining Defendant Dr. Phillips's motion for summary judgment be granted. (Dkt. No. 48.) The Court previously issued an Order and Opinion adopting the R & R, after which Plaintiff moved for an extension of time to object. (Dkt. No. 50.) The Court granted that request and, having now received the objection, hereby vacates its prior order so as to conduct a de novo review of the record in light of the objection. (Dkt. No. 56.) For the reasons set forth below, the Court adopts the R & R as the order of the court, overrules Plaintiff's objection, and grants Defendant Phillips's motion for summary judgment.

**I.    Background**

Plaintiff proceeds *pro se* and *in forma pauperis* to allege that Defendant Phillips is an employee of the South Carolina Department of Corrections ("SCDC") who violated his civil rights pursuant to 42 U.S.C. § 1983 when Plaintiff requested, but was not given, medical attention for an alleged brain bleed and stroke. Plaintiff seeks $250,000 in punitive damages, $250,000 for the violation of his rights, and $100,000 in compensatory damages. (Dkt. No. 12.) The claims against a Defendant Nurse Phillies were previously dismissed pursuant to Rule 4. (Dkt. No. 42.)

II.     **Legal Standard**

A.      **Review of R & R**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and therefore the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

B.      **Motion for Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, the Court should grant summary judgment "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment bears the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in its pleadings. *See id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III.    Discussion

Defendant Phillips moves for summary judgment on all claims against him. The Magistrate Judge previously recommended that Plaintiff's claims against Phillips be dismissed under Rule 41[1] for Plaintiff's failure to respond in opposition to the dispositive motion despite receiving a *Roseboro* order. (Dkt. No. 39.) In his objection to that recommendation, Plaintiff requested a thirty-day extension to respond to the motion. (Dkt. No. 41.) The Court, therefore, declined in part to adopt the recommendation and instead provided Plaintiff an opportunity to respond. (Dkt. No. 42.) Plaintiff has now filed a response. (Dkt. No. 47.)

Defendant Phillips—who is a nurse practitioner and not a doctor, as Plaintiff alleges—moves for summary judgment on the basis of Eleventh Amendment and qualified immunity, as well as failure to demonstrate a § 1983 claim for deliberate indifference to a serious medical

---

[1] Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court has inherent power to *sua sponte* dismiss an action under Rule 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Dismissal under Rule 41 may be with prejudice where the plaintiff "is not blameless" and "there was a long history of delay." *Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978).

need under the Eighth Amendment. Regarding his first argument, the Magistrate Judge correctly found that Phillips is entitled to Eleventh Amendment immunity for the claims, which are against him in his official capacity. The record reflects that Phillips was employed by SCDC, a state agency during the relevant time period. In his amended complaint, Plaintiff neglected to check either "Individual capacity" or "Official capacity" in the form, but he did check "State or local officials (a § 1983) claim," and it is moreover clear from the allegations that Phillips is sued in his official capacity for conduct undertaken while acting as a health care provider for an inmate in SCDC. (Dkt. No. 12 at 3, 5.) Under the Eleventh Amendment, federal courts are prohibited from hearing claims against a state or its agents and employees unless the state consents to suit. *See, e.g.*, *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Simpson v. S.C.D.C.*, No. 2:19-cv-2245-RMG, 2020 WL 582321, at *2 n.1 (D.S.C. Feb. 6, 2020) (noting that SCDC employees are entitled to Eleventh Amendment immunity when sued in their official capacity). Phillips is, therefore, immune from Plaintiff's claims.

Phillips next argues that Plaintiff fails to state a claim for subjective and deliberate indifference to Plaintiff's serious medical need, which is a "very high standard" that merely negligent conduct fails to satisfy. *Young v. City of Mount Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001). In his objection to the R & R, Plaintiff contends that Phillips was deliberately indifferent to his serious medical need by prescribing a medication that did not treat his stroke. (Dkt. No. 56.) As the Magistrate Judge outlined in the R & R, Plaintiff's SCDC medical records are extensive and uncontradicted. And a review of that record makes clear that Plaintiff's objection must be overruled.

Plaintiff first presented to the Lee Correctional Institution medical office in December 2017 with complaints of slurred speech and right and leg numbness and weakness. (Dkt. No. 29-

3 at 129.) He stated that he had high blood pressure but was not taking medication. The nurse practitioner assessed Plaintiff as having stroke symptoms with elevated blood pressure and ordered medication and monitoring. A doctor then ordered additional medication and weekly blood pressure checks for five weeks. (*Id*. at 128-29.) In January 2018, Plaintiff was examined by a doctor who ordered new medication, lab work, and monthly blood pressure checks for three months. In February 2018, the doctor ordered a brain MRI. (*Id*. at 127-28.) Defendant Phillips first evaluated Plaintiff in April 2018, when Plaintiff complained that his right side felt heavy. Defendant evaluated Plaintiff and found that he ambulated without difficulty but did have difficulty with fine motor skills. Defendant ordered a neurology consult and follow-up on the status of the MRI, but the SCDC medical director did not approve the neurology consult. (*Id*. at 124-26.) The MRI ultimately showed a chronic lacunar infarct and mild chronic small blood vessel occlusive periventricular white matter changes and, on that basis, Defendant ordered the neurology consult be re-submitted. (*Id*.) Defendant again evaluated Plaintiff in May 2018, when he complained of more weakness and reported that he was on lockdown at another institution and did not receive his blood pressure medications. (*Id*. at 123-24; No. 29-2 at 4.) Defendant prescribed new medications, ordered a cardiology consult, instructed Plaintiff to stop smoking and drinking, and to increase exercise and diet to reduce his weight. (*Id*.) Defendant again evaluated Plaintiff in September 2018, and ordered prison staff to send Plaintiff's lab work and MRI results to the cardiology office. Defendant then saw Plaintiff in October 2018 due to low potassium levels and adjusted Plaintiff's medications. (Dkt. No. 29-3 at 101.)

  Plaintiff was then seen by a neurologist in October 2018, who recommended that he take an additional medication and undergo a bilateral cartotid duplex ultrasound, which was conducted in November. Plaintiff signed a refusal form as to another medication on the basis

that it gave him side effects. (*Id*. at 101, 105, 135-36.) In December 2018, Plaintiff received an x-ray relating to complaints of lumbar pain, but no abnormalities were detected. In January 2019, Plaintiff told a nurse that he was not receiving all of his medications. He told the nurse to tell the SCDC pharmacy that he should be allowed to keep Lipitor, Mobic and aspirin on his person, and requested another neurology consult that was approved. (*Id*. at 84, 87.) Plaintiff was seen for a neurology follow-up in April 2019 where the neurologist diagnosed an LT thalamic stroke and thalamic pain syndrome and ordered continued medication as prescribed. Plaintiff was returned to SCDC where he started the medication he had previously refused. (Dkt. No. 29-2 at 7.) In May 2019, Plaintiff was seen for a cardiology follow-up, where the cardiologist adjusted his medications and Plaintiff signed a refusal form for a heart-healthy diet. Later that month, Plaintiff discussed one of his medications with Defendant and decided to continue taking it as prescribed. (Dkt. No. 29-3 at 66-68; No. 29-2 at 6.) Plaintiff then had a neurology follow-up in August 2019, where the neurologist determined that he no longer required follow-up appointments. In September 2019, Plaintiff complained to a nurse of weakness and pain and requested a physical exam, which Defendant performed in October 2019. (Dkt. No. 29-3 at 46-48; No. 29-2 at 8.) Defendant again examined Plaintiff in December 2019 for complains of weakness and to discuss the continued treatment plan. Defendant recommended a neurology consult, which was approved. Defendant did not recommend any podiatry consults on the basis of Plaintiff's previous complaints that he could not comfortably walk in the prison-issued shoes. (Dkt. No. 29-3 at 41-43; No. 29-2 at 8.) In May 2020, Plaintiff had a cardiology follow-up where the cardiologist instructed him to continue with his treatment plan. In January 2021, Plaintiff requested Ibuprofen for general aches, which was approved. In March 2021, Defendant

requested a urology consult for Plaintiff, which was also approved. (Dkt. No. 29-3 at 11, 22; No. 29-2 at 8.)

The Court has carefully considered Plaintiff's objection against this factual record on summary judgment and finds that, even if Defendant Phillips did not have Eleventh Amendment immunity, the amended complaint fails to state a claim for an Eighth Amendment violation under § 1983.

### IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court. (Dkt. No. 48.)  Plaintiff's objection to the R & R (Dkt. No. 56) is **overruled** and Defendant's motion for summary judgment (Dkt. No. 29) is **granted**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

March 28, 2022  
Charleston, South Carolina