## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Melvin Durant, | ) | Civil Action No. 9:21-0240-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AMENDED ORDER AND OPINION** |
| | ) | |
| Nurse Phillies and Dr. Phillips, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the claims against Nurse Phillies be dismissed for failure to serve and the claims against Dr. Phillips be dismissed for failure to prosecute. (Dkt. No. 39.)  For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the order of the Court.[1]

## I.    Background

Plaintiff proceeds *pro se* and *in forma pauperis* to bring claims against Defendants.  In his amended complaint, Plaintiff alleges that Defendants are employees of the South Carolina Department of Corrections who violated his civil rights pursuant to 42 U.S.C. § 1983.  He alleges that his Eighth Amendment right was violated when he requested, but did not receive, medical attention for an alleged brain bleed and stroke.  Plaintiff seeks $250,000 in punitive damages, $250,000 for the violation of his rights, and $100,000 in compensatory damages. (Dkt. No. 12.)

## II.    Legal Standard

---

[1] The Fourth Circuit vacated and remanded the Court's order adopting the Report and Recommendation of the Magistrate Judge dismissing the claims against Defendant Nurse Phillies (Dkt. No. 42) because the Court overlooked a subsequently filed motion to reconsider by the Plaintiff. *Durant v. Phillips*, Appeal No. 22-6702 (December 27, 2022).  The Court now issues this Amended Order otherwise identical to the Court's original order since the prior order was vacated by the Fourth Circuit.  An order ruling on the motion to reconsider (Dkt. No. 45) will follow.

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and therefore the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**III.**    **<u>Discussion</u>**

**A.**    **Nurse Phillies**

Rule 4(e) provides that a plaintiff must serve an individual defendant by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each document at the individual's dwelling or usual place of abode and with a resident of suitable age and discretion, delivering a copy of each document to an agent authorized by appointment or law to receive service or process, or according to the law of the state in which the district sits. Fed. R. Civ. P. 4(e)(2). According to the law of South Carolina, service is proper on an individual in the same ways in which it is under Rule 4. S.C. R. Civ. P. 4(d)(1). Rule 4(m) provides that "[i]f a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

defendant . . . .  But if the plaintiff shows good cause for the failure, the court must extend the time for service to an appropriate period." Fed. R. Civ. P. 4(m).

The Magistrate Judge previously notified Plaintiff that he is responsible for providing information sufficient to effect service on Nurse Phillies and that the United States Marshal Service could not identify her with the information provided.  Plaintiff was given an opportunity to provide a completed and signed USM-285 form so that the Marshal Service could complete service on Nurse Phillies for Plaintiff. (Dkt. No. 24.)  Plaintiff did not provide the information requested.  In his objection to the R & R, he asserts that as an incarcerated person proceeding *in forma pauperis* he cannot be expected to hire a process server.  Again, Plaintiff was provided multiple opportunities to provide information sufficient for process to be effected on his behalf by the Marshal Service, to which he did not respond.  The Court adopts the Magistrate Judge's recommendation to dismiss the claims against Nurse Phillies under Rule 4.

## B.     Dr. Phillips

Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  The Court has inherent power to *sua sponte* dismiss an action under Rule 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  Dismissal under Rule 41 may be with prejudice where the plaintiff "is not blameless" and "there was a long history of delay." *Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978).

Dr. Phillips moved for summary judgment and the Magistrate Judge issued a *Roseboro* order notifying Plaintiff of his deadline to respond and that failure to respond may result in dismissal of his claims.  Plaintiff has not responded to the motion and on that basis the Magistrate Judge seeks to dismiss the claims against Dr. Phillips.  In his objection to the R & R,

Plaintiff requests a thirty-day extension. The Court declines to adopt the Magistrate Judge's recommendation. Plaintiff shall file any response in opposition on or before February 2, 2022. Plaintiff is notified that failure to respond to Dr. Phillips's motion may result in dismissal with prejudice of the claims.

## IV.    <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS IN PART and DECLINES TO ADOPT IN PART** the R & R. (Dkt. No. 39.) The claims against Nurse Phillies are dismissed under Rule 4. The claims against Dr. Phillips are not dismissed under Rule 41 while Plaintiff is given until February 2, 2023 to respond in opposition to Dr. Phillips's motion for summary judgment. No further briefing extensions will be granted. Plaintiff's failure to respond to Dr. Phillips's motion may result in the claims' dismissal.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

December 29, 2022
Charleston, South Carolina